IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADOL T. OWEN-WILLIAMS | * | |
|       Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-09-2670 |
| BABOUCAR SALLAH | * | |
|       Defendant. | | |
| | *** | |

## MEMORANDUM OPINION

On October 13, 2009, Adol T. Owen-Williams ("Owen-Williams"), a resident of North Potomac, Maryland, filed this "Complaint of Civil Rights Violation under the Seventh Amendment of the United States Constitution." Paper No. 1. Owen-Williams seeks the issuance of a "Writ of Mandamus" to reinstate a state circuit court complaint with a jury trial. It appears that Owen-Williams takes issue with a bench trial and an order of judgment entered against him by a state court judge and contends that he should have had a jury trial he requested in his amended reply and counter-complaint. *Id.* Owen-Williams discusses the various motions and reply pleadings he filed in the state court case and notes that although Montgomery Circuit Court Judge David A. Boynton set the case in for a one-day jury trial, Judge Durke Thompson ordered that the matter be heard as a bench trial. He further complains of the decision entered by a three-judge state court *en banc* panel in that civil case. Owen-Williams additionally alleges that Defendant Sallah engaged in fraudulent "financial schemes and cons" and complains that local enforcement illegally seized and confiscated his personal property without legal authority. Owen-Williams has filed a Motion for Leave to Proceed *In Forma Pauperis* and his request shall be granted.[1]

Review of the state court docket shows that Owen-Williams and Sallah are or have been involved in at least four cases in the Circuit Court for Montgomery County, Maryland.[2] In the case

---

[1] The accompanying affidavit does, however, contain fantastic affirmations regarding the alleged value of Owen-Williams's property.

[2] In *Sallah v. Owen-Williams*, Case Number 289348V, a bill of complaint seeking the return of property was filed by Sallah on November 28, 2007. In *MacFadyen, et al. v. Owen-Williams*, Case Number

at issue here, *Sallah v. Owen-William,* Case Number 288748V, Sallah filed a contract complaint against Owen-Williams on November 8, 2007 (docket copy attached). A counter-complaint of intentional infliction of emotional distress was filed by Owen-Williams on January 16, 2008. The circuit court found in favor of Sallah on July 9, 2008. This judgment was subsequently set aside and vacated and the original complaint and counter-complaint were reinstated. A two-day court trial was held in January 2009 before Circuit Court Judge Durke Thompson who found in favor of Sallah, awarded him damages and concluded that Owen-Williams's counter-claim of intentional infliction of emotional distress had not been proven. Owen-Williams's substantive post-judgment motions were denied. An *en banc* three-judge panel affirmed the judgment on August 3, 2009.

To the extent that Owen-Williams asks this court, by means of mandamus relief, to have his state circuit court case "reinstated," his request shall be denied. Title 28 U.S.C. § 1361 confers "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff." The court does not have jurisdiction over state courts in an action for writ of mandamus and thus cannot compel the Circuit Court for Montgomery County to reopen Owen-Williams's case. *See AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n. 3 (4th Cir. 1999); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

Last, but fundamentally not least, the court finds that when separating the chaff from the wheat, Owen-Williams's claims go to his disagreements with the manner in which judges dealt with

---

288245V, a foreclosure action was filed on October 26, 2007. In a fourth cause of action, Owen-Williams filed suit against Sallah on March 6, 2009, sounding in fraud and breach of contract. *See Owen-Williams v. Sallah*, Case Number 309831V. As these cases are not relevant for purposes of court review, copies of the civil docket sheets are not attached. The docket is available by contacting the website http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp

his state court civil case. The court is without jurisdiction to review the gravamen of the allegations. The action is based upon the history of prior state court civil proceedings. Under the *Rooker-Feldman* doctrine,[3] a federal district court does not have jurisdiction to overturn state court judgments, even when the federal complaint raises allegations that the state court judgments violate a claimant's constitutional or federal statutory rights. In creating this jurisdiction bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[4] In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

The court finds that the instant matter is subject to dismissal. A separate order effecting the ruling made in this opinion is entered herewith.

Date: __October 27, 2009___                           _____/s/_____
                                                      DEBORAH K. CHASANOW
                                                      United States District Judge

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

[4] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.